UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL JACOBS,<br><br>    Plaintiff<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>    Defendant | Case No.: 2:19-cv-01934-APG-EJY<br><br>**Order (1) Granting Motion to Dismiss,<br>(2) Denying Motion to Bifurcate, and<br>(3) Granting Leave to Amend**<br><br>[ECF Nos. 6, 7] |

    Plaintiff Michael Jacobs sues his insurer, defendant GEICO General Insurance Company, following a car accident in which he was injured. Jacobs alleges that the at-fault driver's $15,000 insurance policy was insufficient to cover his injuries, so he submitted a claim with GEICO for underinsured motorist (UIM) coverage. ECF No. 1-1 at 4-5. Jacobs alleges that he provided GEICO with medical records and bills showing past and future medical expenses of $109,282.96 to $168,282.96. *Id.* at 5-6. Jacobs submitted to an independent medical exam and otherwise cooperated with GEICO, but GEICO did not tender the policy limits of $100,000. *Id.* at 6. Instead, GEICO offered $28,782.96 to settle the UIM claim. *Id.* Based on these allegations, Jacobs asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair claims handling practices.

    GEICO moves to dismiss, arguing that the facts alleged in the complaint show only a dispute as to the value of Jacobs' UIM claim and do not plausibly allege either bad faith or unfair practices. GEICO also moves to dismiss Jacobs' bad faith claim as premature until the breach of contract claim is resolved. Alternatively, GEICO moves to bifurcate and stay discovery and trial

on the claims for bad faith and claims handling practices until after the breach of contract dispute is resolved.

Jacobs responds by arguing that he has adequately alleged that he was injured, that he made a demand that exceeded his policy limits, and that GEICO failed to make a reasonable offer in bad faith. He also argues that if he has not adequately alleged his claims, he should be granted leave to amend. Finally, Jacobs argues his bad faith claim is not premature and should not be bifurcated because it is intertwined with his breach of contract claim.

I grant GEICO's motion to dismiss, with leave to amend. I deny GEICO's motion to bifurcate and stay.

# I. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. Bad Faith

Under Nevada law, an insurer breaches the duty of good faith when it refuses "without proper cause to compensate its insured for a loss covered by the policy." *U.S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). An insurer is without proper cause to deny a

claim when it has an "actual or implied awareness" that no reasonable basis exists to deny the claim. *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986). An unreasonable delay in payment can also constitute bad faith. *Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996) ("[T]his court has addressed an insurer's breach of the implied covenant of good faith and fair dealing as the unreasonable denial or delay of payment of a valid claim"). However, an "insurer does not act in bad faith merely because it disagrees with the claimant's estimation of his injuries or delays paying out benefits until it receives relevant documents or expert opinions." *Igartua v. Mid-Century Ins. Co.*, 262 F. Supp. 3d 1050, 1055 (D. Nev. 2017) (holding that the insurer acted reasonably in handling an insured's claim, despite delaying payment several years, because there was a reasonable dispute about the extent of the insured's injuries and whether those injuries were caused by the accident).

      GEICO argues that Jacobs' bad faith claim is premature because his breach of contract claim must be resolved first. But a plaintiff does not need to establish success on a contractual claim before proceeding with a bad faith claim. *Aiello v. Geico Gen. Ins. Co.*, 379 F. Supp. 3d 1123, 1129 (D. Nev. 2019). To find otherwise would require a plaintiff to commence two separate lawsuits even if the facts establish that the insurer "breached the insurance contract and acted in bad faith within the same factual sequence." *Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005). I therefore deny GEICO's motion to dismiss on this basis.

      However, I grant GEICO's motion to dismiss for failure to state a claim. Jacobs' complaint lacks factual allegations plausibly showing that GEICO made its settlement offer with an actual or implied awareness that there was no reasonable basis supporting its decision. I therefore dismiss this claim but grant leave to amend because it is not clear that amendment would be futile. *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1118 (9th

Cir. 2013) ("As a general rule, [d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.") (quotation omitted).

### B. Unfair Practices

Under Nevada Revised Statutes § 686A.310, an insurer is liable for damages if it engages in any of the various enumerated acts. In his complaint, Jacobs merely lists various subsections of the statute and quotes the statutory language. He fails to allege facts plausibly showing a violation. I therefore dismiss this claim, with leave to amend.

### C. Bifurcate or Stay

Federal Rule of Civil Procedure 42(b) authorizes courts to order a separate trial of any claim when separation is in the interest of judicial economy, will further the parties' convenience, or will prevent undue prejudice. Fed. R. Civ. P. 42(b). The decision to bifurcate is within the court's discretion. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case. *Drennan*, 366 F. Supp. 2d at 1007. "However, bifurcation of the trial does not necessarily require bifurcation of discovery." *Id.*

There is no reason to bifurcate or stay Jacobs' bad faith claim at this stage. I cannot evaluate bifurcation without a better understanding of the factual predicate for Jacobs' bad faith claim following amendment. That being said, I have regularly denied early motions to bifurcate in similar cases. *See, e.g.*, *Aiello*, 379 F. Supp. 3d at 1129; *Rosas v. GEICO Cas. Co.*, 365 F. Supp. 3d 1123, 1128 (D. Nev. 2019). If Jacobs is able to allege facts supporting a bad faith claim, it is likely his contractual and extra-contractual claims will be intertwined such that bifurcation, at least at the early stages of the case, would not be appropriate. I therefore deny GEICO's motion to bifurcate and stay.

## II.  CONCLUSION

I THEREFORE ORDER that defendant GEICO Casualty Company's motion to dismiss **(ECF No. 6) is GRANTED**.  Plaintiff Michael Jacobs' claims for bad faith and unfair claims handling practices are dismissed without prejudice.  Jacobs may file an amended complaint by September 30, 2020.

I FURTHER ORDER that defendant GEICO Casualty Company's motion to bifurcate and stay **(ECF No. 7) is DENIED**.

DATED this 3rd day of September, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE